# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN BURRELL,<br><br>    Defendant. | Case No. 2:99-CR-00189-KJD-<br><br>**ORDER** |

Presently, the Court has before it Stephen Burrell's Petition for Writ of Coram Nobis (#126). In response, the Government filed a Motion to Summarily Dismiss Petition for Writ of Coram Nobis (#132).

In his petition, Burrell seeks a writ of coram nobis on the grounds that his sentence exceeds the statutory maximum under the rule initially announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) and applied in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). Burrell's petition lacks merit for two principle reasons. First, the rule initially announced in Jones v. United States, 527 U.S. 227 (1999) and Apprendi v. New Jersey, 530 U.S. 466 (2000), and further developed in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), is that the Sixth Amendment requires that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum

authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.  While a new rule of criminal law is retroactively applied to cases then pending on direct review, these new rules cannot be applied retroactively to cases on collateral review unless they fall within one of the enumerated exceptions.  See Schriro v. Summerlin, 542 U.S. 348, 352 (2004); Teague v. Lane, 489 U.S. 303-10 (1989).  To fall under one of the exceptions, the new rule must be substantive or, if procedural, it must be a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceedings.  See Schiriro, 542 U.S. at 351-52, Teague, 489 U.S. at 307.  Burrell's conviction became final on direct review when the United States Supreme Court denied his petition for writ of certiorari on April 15, 2002.  See Burrell v. United States, 535 U.S. 1008 (2002); see also Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (holding that direct appeal becomes final upon denial of certiorari petition).  Petitioner's case became final on direct review well before Booker, Blakely and Ameline were decided.  Accordingly, Petitioner may only avail himself of the rules in Booker, Blakely and Ameline if they fall under what is commonly called the Teague exceptions.  Unfortunately for Burrell, the courts have consistently held that these rules do not fall under either of these exceptions and thus are not retroactive to cases on collateral review.  See United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005); Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005); United States v. Sanchez-Cervantes, 282 F.3d 664, 665 (9th Cir. 2002).

   The second reason Burrell's petition lacks merit is that a petition for writ of coram nobis is the wrong procedural vehicle for the relief he now seeks.  A writ of coram nobis only affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody.  See United States v. Kwan, 407 F.3d 1005, 1009 (9th Cir. 2005).  This writ provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors.  See id. (quoting Estate of McKinney By and Through McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995)).  In his petition, Petitioner concedes that he is still in custody.  Moreover, Petitioner has previously moved

1  unsuccessfully for relief under 28 U.S.C. § 2255, and he cannot avoid the procedural bar merely by
2  fashioning a successive post-conviction claim as a petitioner for writ of coram nobis. See <u>Matus-
3  Leva v. United States</u>, 287 F.3d 758, 761 (9th Cir. 2002).
4      Accordingly, IT IS HEREBY ORDERED that the Government's Motion to Summarily
5  Dismiss Petition for Writ of Coram Nobis (#132) is **GRANTED**.
6      IT IS FURTHER ORDERED that Petitioner Stephen Burrell's Petition for Writ of Coram
7  Nobis (#126) is **DENIED**.
8      DATED this 31st day of January 2007.

_____
Kent J. Dawson
United States District Judge