UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN BURRELL,<br><br>    Defendant. | Case Nos. 2:99-CR-00189-KJD-LRL<br>           2:02-CV-00555-KJD-LRL<br><br>**ORDER** |

Presently, the Court has before it Movant Stephen Burrell's Amended Motion for Partial Reconsideration of Judgment/Order Denying Motion to Vacate, Set Aside or Correct Sentence, Pursuant to FRCP 60(b)(1) & (6) and FRCP 15(a) & (c)(2) (#120). The Court has also considered Movant's Request for Judicial Notice of Adjudicative Facts, Pursuant to Federal Rules of Evidence 201(d) (#129), Petition to Compel Government's Response to Request for Judicial Notice (#138), Motion for Leave to Proceed In Forma Pauperis (#143), and Formal Request for Status Check and Disposition (#144).

**I. Background.**

In February of 1999, Burrell was arrested. At the time of his arrest, Burrell was also under surveillance for his suspected involvement in drug trafficking. During this surveillance, police observed Burrell frequently visiting another apartment near his residence. After police officers

searched his residence, where incidently he had shot one of his girlfriends a few months earlier, they proceeded to visit the second apartment.  Burrell's ex-girlfriend, who was residing in the second apartment but was not the girlfriend Burrell had previously shot, gave the police permission to search the premises.

The search of the second apartment resulted in police seizing a .38 caliber revolver, a shotgun, ammunition for both guns, cocaine, drug paraphernalia, and $954 in U.S. currency. Because of the evidence found during this search as well as the search in relation with the shooting of the girlfriend, Burrell was indicted and arrested in May 1999 on four counts of being a convicted felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  At trial, Burrell was convicted on two of the four counts.  He was sentenced to 120 months incarceration.[1]

Burrell subsequently appealed his conviction arguing that the district court erred by refusing to appoint new counsel after he developed an irreconcilable conflict with his court-appointed attorney, by denying his motion for a new trial after his trial counsel was ineffective, and by denying him effective assistance of counsel because his attorney made several errors before and during trial. See United States v. Burrell, No. 00-10469, 2001 WL 1563670, *1 (9th Cir. Dec. 5, 2001) (unpublished opinion).  The Ninth Circuit affirmed his conviction.  See id., 2001 WL 1563670, at *2. The court found that the district court did not err in refusing to appoint new counsel and that direct review of Burrell's claims of ineffective assistance of counsel was not warranted because the record was not sufficiently developed and counsel's assistance was not so demonstratively inadequate.  See id.[2]

---

[1] In addition to the criminal litigation, the February 1999 arrest also resulted in a § 1983 civil action which Burrell vigorously litigated.  See Burrell v. McIlroy, 464 F.3d 853 (9th Cir. 2006).

[2] Notably, the Ninth Circuit observed that "[t]he record suggests that some of Burrell's actions were strategic or calculated to inject error into the proceedings.  One example of this strategic action is Burrell's emphatic refusal to stipulate to his status as a felon despite his attorney's advice to the contrary and strong warnings by the district court."  Id.

1   Burrell then filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C.
2   § 2255.  Accompanying Burrell's § 2255 motion was a 33-page memorandum.  While some of
3   Burrell's arguments and claims were developed, many were random one or two sentences peppered
4   throughout the memorandum.  Burrell's arguments ranged from the alleged unconstitutionality of 18
5   U.S.C. § 922(g)(1), the inadmissibility of statements he made to the police, the legality of the many
6   searches and seizures in his case, the alleged defects in the indictment, the alleged misconduct on the
7   part of the prosecution, to several instances of ineffective assistance on the part of both trial and
8   appellate counsel.  Burrell also argued that his sentence was impermissibly enhanced based on a prior
9   conviction in California as well as on two firearms recovered from a separate arrest.[3]  In an Order
10  entered on January 27, 2004, the Court addressed and rejected the plethora of Burrell's arguments.
11  Accordingly, the Court denied his § 2255 motion.  Burrell did not appeal the January 27, 2004 order.
12  Instead, Burrell filed an Amended Motion for Partial Reconsideration pursuant to Rule 60(b).
13  In the instant motion, Burrell initially argues that the Court committed clear error and caused a
14  manifest injustice when it found that his trial counsel had provided effective assistance.  In the
15  motion, Burrell makes several arguments why the Court's order finding that trial counsel did not
16  render ineffective assistance.  Burrell's motion also seeks to amend his original § 2255 motion by
17  adding a claim that his sentence is unconstitutional pursuant to Blakely v. Washington, 542 U.S. 296
18  (2004), and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005).[4]

**II. Analysis.**

20  Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District
21  Courts states that "The Federal Rules of Civil Procedure and the Federal Rules of Criminal

---

[3] Notably, Burrell's arguments concerning his sentence neither cited Apprendi v. New Jersey, 530 U.S. 466 (2000) nor made an argument similar to those in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005).

[4] Burrell has attempted to raise this Blakely claim in two other procedural vehicles recently pending before the Court:  (1) "Motion to Expedite Motion to Vacate Judgment as Void" (#125) and (2) Petition for Writ of Coram Nobis (#126).  In separate orders, the Court has addressed the merits (or lack thereof) of presenting his Blakely claim in these procedural vehicles.

Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceedings under these rules." The AEDPA does not explicitly bar or circumscribe the operation of Rule 60(b).  See Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2646 (2005).[5]  Accordingly, a § 2254 petitioner or § 2255 movant may file a Rule 60(b) motion after the court has addressed and resolved his or her respective petition or motion.  However, when the factual predicate of a Rule 60(b) motion seeks to raise a new ground for relief or reassert a ground previously raised and addressed on the merits, the Rule 60(b) motion is properly treated as a second or successive petition or motion.  See Crosby, 125 S. Ct. at 2649; Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998).  Given the AEDPA's general bar against second or successive § 2254 petitions and § 2255 motions, a Rule 60(b) motion may only raise issues concerning some defect in the integrity of the federal habeas proceeding.  See Crosby, 125 S. Ct. at 2648, 2651; see also Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003) (holding that a a proper Rule 60(b) motion in a habeas proceeding will deal primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief).

In an effort to avoid the AEDPA's general bar on second or successive § 2255 motions, Burrell brings two substantive claims under the guise of a Rule 60(b) motion.  The instant Rule 60(b) motion attempts to relitigate the Court's previous ruling on whether Burrell's trial counsel rendered ineffective assistance as well as challenge for the first time the constitutionality of his sentence.  Because the factual predicate for this motion seeks to litigate issues on the merits, it is properly treated as a second or successive § 2255 motion.  See Crosby, 125 S. Ct. at 2649; Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998).  Burrell did not obtain authorization to file a second or successive § 2255 motion, and thus the Court lacks jurisdiction to consider his

---

[5] However, the courts have uniformly held that a defendant may not bring an independent Rule 60(b) motion to collaterally attack a criminal conviction.  See, e.g., United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998), see also Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure, by their own terms, apply only to civil actions).

4

claims. See 28 U.S.C. §§ 2244(b)(3) & 2255; see also United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

Accordingly, IT IS HEREBY ORDERED that Movant Stephen Burrell's Amended Motion for Partial Reconsideration of Judgment/Order Denying Motion to Vacate, Set Aside or Correct Sentence, Pursuant to FRCP 60(b)(1) & (6) and FRCP 15(a) & (c)(2) (#120) is **DENIED**.

IT IS FURTHER ORDERED that Movant's Request for Judicial Notice of Adjudicative Facts, Pursuant to Federal Rules of Evidence 201(d) (#129), Petition to Compel Government's Response to Request for Judicial Notice (#138), Motion for Leave to Proceed In Forma Pauperis (#143), and Formal Request for Status Check and Disposition (#144) are **DENIED as MOOT**.

DATED this 6th day of February 2007.

_____
Kent J. Dawson
United States District Judge